UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

        Plaintiff,

v.                                             CASE NO.

SUNNY PLACE OF POMPANO, LLC,
COTTAGES BY THE OCEAN, LLC,
PELICAN PLACE OF POMPANO, LLC,
BEACH VACATION RENTALS, LLC and
ELAINE FLOREA LIZZIO,

        Defendants.

_____/

## COMPLAINT

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the Defendants, Sunny Place of Pompano, LLC, Cottage By The Ocean, LLC, Pelican Place of Pompano, LLC, Beach Vacation Rentals, LLC and Elaine Florea Lizzio, for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

## JURISDICTION

1.     This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

## VENUE

2.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because, inter alia, the events giving rise to the claims asserted herein occurred in this district and the hotels whose reservations systems are at issue in this case are located in this district.

**PARTIES**

3.     Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012.  Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Defendants' online hotel reservation systems fail to comply with the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the substantive ADA violations contained on their hotels' online reservation systems. Plaintiff intends to visit the online reservation systems for Defendants' hotels in the near future to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation systems for compliance with 28 C.F.R. §36.302(e).

4.     Defendant Sunny Place of Pompano, LLC is the owner and operator of Sunny Place, located at 700 South Ocean Boulevard in Pompano Beach, Florida ("Sunny Place"). The online reservation system for Sunny Place is found at www.4rentbythebeach.com/properties/sunny-place.  Defendant Cottages By The Ocean, LLC, is the owner and operator of Cottages by the Ocean, located at 3309 SE 3rd Street in Pompano Beach, Florida ("Cottages by the Ocean").  The online reservation system for Cottages by the Ocean is found at www.4rentbythebeach.com/properties/cottages-by-the-ocean.  Defendant Pelican Place of Pompano, LLC, is the owner and operator of Pelican Place, located at 3221 NE

7th Place in Pompano Beach, Florida ("Pelican Place"). The online reservation system for Pelican Place is found at www.4rentbythebeach.com/properties/pelican-place. Defendant Elaine Florea Lizzio, is the owner and operator of Pineapple Place, located at 3217 NE 7th Place in Pompano Beach, Florida ("Pineapple Place"). The online reservation system for Pineapple Place is found at www.4rentbythebeach.com/properties/pineapple-place. Defendant Beach Vacation Rentals, LLC, is the owner and operator of Bahama Beach Club, located at 3211 SE 6th Street in Pompano Beach, Florida ("Bahama Beach Club"). The online reservation system for Pineapple Place is found at www.4rentbythebeach.com/properties/bahama-beach-club. Sunny Place, Cottages by the Ocean, Pelican Place, Pineapple Place and Bahama Beach Club are collectively referred to as the "Hotels". The Hotels are identified by defendants as comprising the Beach Vacation Rentals Group.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5.     On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the

3

requirements of the ADA. Public accommodations, including places of lodging, were required to

conform to these regulations on or before March 15, 2012.

7.      On March 15, 2012, new regulations implementing Title III of the ADA took

effect, imposing significant new obligations on inns, motels, hotels and other "places of

lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases
(or leases to), or operates a place of lodging shall, with respect to reservations made by any
means, including by telephone, in-person, or through a third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can
make reservations for accessible guest rooms during the same hours and in the same manner
as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its
reservations service in enough detail to reasonably permit individuals with disabilities to assess
independently whether a given hotel or guest room meets his or her accessibility needs;[1]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all
other guest rooms of that type have been rented and the accessible room requested is the only
remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure
that the guest rooms requested are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is
held for the reserving customer, regardless of whether a specific room is held in response to
reservations made by others."

8.      The Hotels are places of public accommodation that own and/or lease and operate

places of lodging pursuant to the ADA. The websites for Defendants' respective Hotels contain

online reservation systems whereby potential patrons may reserve a hotel room. The reservation

systems are subject to the requirements of 28 C.F.R.§36.302(e).

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA
Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities",
provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of
Justice's official comments state that "information about the Hotel should include, at a minimum, information about
accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible
route to the accessible room or rooms. In addition to the room information described above, these hotels should
provide information about important features that do **not** comply with the 1991 Standards." An agency's
interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1),
must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with
the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

9.      Most recently, during July, 2019 Plaintiff, from his home in this district, attempted to specifically identify and book a guaranteed reservation for an accessible room at the Hotels through the online reservation systems for Defendants' Hotels as described in the individual counts below but was unable to do so due to Defendants' failure to comply with the requirements set forth in paragraph 7.

10.     Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including places of lodging and their reservation systems, are in compliance with the ADA.

11.     Plaintiff intends to visit the online reservation systems on the Hotels' websites in the near future in order to test them for compliance with the requirements contained in 28 C.F.R. §36.302(e)(1).

### COUNT I – FOR INJUNCTION AGAINST
### SUNNY PLACE OF POMPANO, LLC

12.     Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

13.     Defendant Sunny Place of Pompano, LLC has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation system for Sunny Place due to the ADA violations contained thereon and will continue to discriminate against Plaintiff unless and until the hotels' online reservation systems are modified and Defendant Sunny Place of Pompano, LLC implements policies to do so, consistent with the ADA.

5

14.   The ADA violations for the online reservation systems for Sunny Place consist of the following:

a)   A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

b)   A failure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs;

c)   A failure to ensure that properly described accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

d)   A failure to reserve, upon request, properly described accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

e)   A failure to guarantee that the specific properly described accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

15.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Sunny Place of Pompano, LLC is required to correct the ADA violations on the online reservation systems for Sunny Place and ensure that the online reservation systems and accompanying policies are maintained in a manner that is consistent with and compliant with the requirements of the ADA.

16.   Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Sunny Place of Pompano, LLC,  including litigation expenses and costs pursuant to 42 U.S.C. §12205.

17.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Sunny Place of Pompano, LLC to

implement policies, consistent with the ADA, to accommodate the disabled, by requiring it to alter and maintain the online reservation systems for Sunny Place in accordance with the requirements set forth in paragraph 7 above.[2]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Sunny Place of Pompano, LLC from continuing its discriminatory practices, ordering Sunny Place of Pompano, LLC to implement policies, consistent with the ADA, to accommodate the disabled, through requiring it to alter and maintain the online reservation systems for Sunny Place in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST
## COTTAGES BY THE OCEAN, LLC

18.     Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

19.     Defendant Cottages By The Ocean, LLC has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation systems for Cottages by the Ocean due to the ADA violations contained thereon and will continue to discriminate against

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Sunny Place of Pompano, LLC to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation systems. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation systems must continuously be updated to properly reflect and describe Sunny Place of Pompano, LLC's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

Plaintiff unless and until the hotel's online reservation systems are modified and Defendant Cottages By The Ocean, LLC implements policies to do so, consistent with the ADA.

20.    The ADA violations for the online reservation system for Cottages by the Ocean consist of the following:

a)    A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

b)    A failure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs;

c)    A failure to ensure that properly described accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

d)    A failure to reserve, upon request, properly described accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

e)    A failure to guarantee that the specific properly described accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

21.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Cottages By The Ocean, LLC is required to correct the ADA violations on the online reservation systems for Cottages by the Ocean and ensure that the online reservation systems and accompanying policies are maintained in a manner that is consistent with and compliant with the requirements of the ADA.

22.    Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Cottages By The Ocean, LLC including litigation expenses and costs pursuant to 42 U.S.C. §12205.

23.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Cottages By The Ocean, LLC to implement policies, consistent with the ADA, to accommodate the disabled, by requiring it to alter and maintain the online reservation systems for Cottages by the Ocean in accordance with the requirements set forth in paragraph 7 above.[3]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Cottages By The Ocean, LLC from continuing its discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled, through requiring it to alter and maintain the online reservation systems for Cottages by the Ocean in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT III – FOR INJUNCTION AGAINST PELICAN PLACE OF POMPANO, LLC

24.     Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

25.     Defendant Pelican Place of Pompano, LLC, Inc. has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation system for Pelican Place due to the ADA violations contained thereon and will continue to discriminate against

---

[3] The injunction, to be meaningful and fulfill its intended purpose, should require Cottages By The Ocean, LLC to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation systems. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation systems must continuously be updated to properly reflect and describe Cottages By The Ocean, LLC's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

Plaintiff unless and until the hotel's online reservation system is modified and Defendant Pelican

Place of Pompano, LLC implements policies to do so, consistent with the ADA.

26.     The ADA violations for the online reservation system for Pelican Place consist of

the following:

a)      A failure of any policy, practice, or procedure ensuring that individuals with
disabilities can make reservations for accessible guest rooms during the same
hours and in the same manner as individuals who do not need accessible rooms;

b)      A failure to identify and describe accessible features in the hotel and guest rooms
offered through the reservations service in enough detail to reasonably permit
individuals with disabilities to assess independently whether the hotel or
specific guest rooms meets his or her accessibility needs;

c)      A failure to ensure that properly described accessible guest rooms are held for use
by individuals with disabilities until all other guest rooms of that type have been
rented and the accessible room requested is the only remaining room of that type;

d)      A failure to reserve, upon request, properly described accessible guest rooms or
specific types of guest rooms and ensure that the guest rooms requested are
blocked and removed from all reservations systems; and

e)      A failure to guarantee that the specific properly described accessible guest room
reserved through the reservations service is held for the reserving customer,
regardless of whether a specific room is held in response to reservations made by
others.

27.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm

and he reasonably anticipates that he will continue to suffer irreparable harm unless and until

Pelican Place of Pompano, LLC is required to correct the ADA violations on the online

reservation system for Pelican Place and ensure that the online reservation system and

accompanying policies are maintained in a manner that is consistent with and compliant with the

requirements of the ADA.

28.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this

action and is entitled to recover reasonable attorneys' fees, costs and expenses from Pelican

Place of Pompano, LLC including litigation expenses and costs pursuant to 42 U.S.C. §12205.

29.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Pelican Place of Pompano, LLC to implement policies, consistent with the ADA, to accommodate the disabled, by requiring it to alter and maintain the online reservation system for Pelican Place in accordance with the requirements set forth in paragraph 7 above.[4]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Pelican Place of Pompano, LLC from continuing its discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled, through requiring it to alter and maintain the online reservation system for Pelican Place in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT IV – FOR INJUNCTION AGAINST BEACH VACATION RENTALS, LLC

30.     Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

31.     Defendant Beach Vacation Rentals, LLC has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation system for Bahama Beach Club due to the ADA violations contained thereon and will continue to discriminate against

---

[4] The injunction, to be meaningful and fulfill its intended purpose, should require Pelican Place of Pompano, LLC to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation system. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation system must continuously be updated to properly reflect and describe Pelican Place of Pompano, LLC's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

Plaintiff unless and until the hotel's online reservation system is modified and Defendant Beach Vacation Rentals, LLC implements policies to do so, consistent with the ADA.

32.     The ADA violations for the online reservation system for Bahama Beach Club consist of the following:

a)     A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

b)     A failure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs;

c)     A failure to ensure that properly described accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

d)     A failure to reserve, upon request, properly described accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

e)     A failure to guarantee that the specific properly described accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

33.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Beach Vacation Rentals, LLC is required to correct the ADA violations on the online reservation system for Bahama Beach Club and ensure that the online reservation system and accompanying policies are maintained in a manner that is consistent with and compliant with the requirements of the ADA.

34.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Beach Vacation Rentals, LLC including litigation expenses and costs pursuant to 42 U.S.C. §12205.

12

35.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Beach Vacation Rentals, LLC to implement policies, consistent with the ADA, to accommodate the disabled, by requiring it to alter and maintain the online reservation system for Bahama Beach Club in accordance with the requirements set forth in paragraph 7 above.[5]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Beach Vacation Rentals, LLC from continuing its discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled, through requiring it to alter and maintain the online reservation system for Bahama Beach Club in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

**COUNT V – FOR INJUNCTION AGAINST
ELAINE FLOREA LIZZIO**

36.     Plaintiff realleges and reavers paragraphs 1 through 11 above as if fully set forth herein.

37.     Defendant Elaine Florea Lizzio has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation system for Pineapple Place due to the ADA violations contained thereon and will continue to discriminate against Plaintiff unless and

---

[5] The injunction, to be meaningful and fulfill its intended purpose, should require Beach Vacation Rentals, LLC to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation system. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation system must continuously be updated to properly reflect and describe Beach Vacation Rentals, LLC's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

until the hotel's online reservation system is modified and Defendant Elaine Florea Lizzio

implements policies to do so, consistent with the ADA.

      38.    The ADA violations for the online reservation system for Pineapple Walk consist

of the following:

    a)    A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

    b)    A failure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs;

    c)    A failure to ensure that properly described accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

    d)    A failure to reserve, upon request, properly described accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

    e)    A failure to guarantee that the specific properly described accessible guest room reserved through the reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

      39.    Plaintiff is without an adequate remedy at law and is suffering irreparable harm

and he reasonably anticipates that he will continue to suffer irreparable harm unless and until

Elaine Florea Lizzio is required to correct the ADA violations on the online reservation system

for Pineapple Place and ensure that the online reservation system and accompanying policies are

maintained in a manner that is consistent with and compliant with the requirements of the ADA.

      40.    Plaintiff has retained the undersigned counsel for the filing and prosecution of this

action and is entitled to recover reasonable attorneys' fees, costs and expenses from Elaine

Florea Lizzio including litigation expenses and costs pursuant to 42 U.S.C. §12205.

41.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Elaine Florea Lizzio to implement policies, consistent with the ADA, to accommodate the disabled, by requiring it to alter and maintain the online reservation system for Pineapple Walk in accordance with the requirements set forth in paragraph 7 above.[6]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Elaine Florea Lizzio from continuing her discriminatory practices, ordering her to implement policies, consistent with the ADA, to accommodate the disabled, through requiring her to alter and maintain the online reservation system for Pineapple Place in accordance with the requirements set forth in paragraph 7 above, and awarding

Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT
Florida Bar No: 782246
DML2@bellsouth.net
LEE D. SARKIN
Florida Bar No. 962848
lsarkin@aol.com
4700 N.W. Boca Raton Boulevard, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837
Attorneys for Plaintiff

---

[6] The injunction, to be meaningful and fulfill its intended purpose, should require Elaine Florea Lizzio to develop, and strictly enforce, a policy requiring regular monitoring of her online reservation system. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation system must continuously be updated to properly reflect and describe Elaine Florea Lizzio's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).